## SMITH v. STATE, EX REL. BOARD OF COMMISSIONERS OF THE COUNTY OF KOSCIUSKO.

### [No. 21,071. Filed November 1, 1907.]

1. FEES AND SALARIES.—*Sheriffs.*—*"In and Out" Fees.*—The "in and out" fees collected by a county sheriff in the admittance of prisoners to jail and their discharge therefrom, belong to the county. p. 262.

2. APPEAL.—*Denial of Transfer to Supreme Court.*—*Effect.*—The denial of a petition to transfer a cause to the Supreme Court,

after a decision and denial of a rehearing by the Appellate Court, operates as an approval, by the Supreme Court, of the result reached. p. 262.

3. FEES AND SALARIES.—*Sheriffs.*—*Giving Election Notices.*—Under §6528 Burns 1901, Acts 1895, p. 319, §122, providing that all fees collected by sheriffs shall be the property of the county, and that sheriffs shall be entitled to mileage fees for the service of process or notice, the fees for the service of election notices, when collected from the counties, become the property of such counties, and must be paid into the county treasuries. p. 262.

From Kosciusko Circuit Court; *Lemuel W. Royse,* Judge *pro tem.*

Action by the State of Indiana, on the relation of the Board of Commissioners of the County of Kosciusko, against Oliver P. Smith and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Frazer, Biggs & Frazer,* for appellants.
*Cook & Graham,* for appellee.

PER CURIAM.—Action by relator on the bond of Oliver P. Smith, ex-sheriff of Kosciusko county, and his sureties, to recover the amount alleged to have been received by said Smith, as sheriff of said county, for giving election notices under §6875 Burns 1908, §4679 R. S. 1881, since the taking effect of the act approved March 11, 1895 (Acts 1895, p. 319), fixing the compensation of public officers. Demurrer for want of facts was overruled to the breach alleged.

Appellant, the principal in the bond sued upon, filed an answer of set-off, to which a demurrer for want of facts was sustained by the court. Trial of said cause resulted in a finding and judgment on said bond in favor of appellee.

The errors assigned call in question the action of the court (1) in overruling the demurrer to the breach of the bond alleged; (2) in sustaining the demurrer to said answer of set-off.

The question presented by the second error assigned is: Do the fees commonly denominated the "in and out fees,"

received from the county by the sheriff for committing to and discharging persons from jail, under §122 of the act of 1895 (Acts 1895, p. 319, §6528 Burns 1901), belong to the sheriff, or are they the property of the county, which he is required to pay into the county treasury? If such fees were the property of the county, which the sheriff was required to pay into the county treasury, the court did not err in sustaining the demurrer to appellant's answer of set-off.

The Appellate Court held in *Starr* v. *Board, etc.* (1907), 40 Ind. App. 7, that such fees were the property of the county under the act approved March 11, 1895, *supra,* which the sheriff was required to pay into the county treasury. The Appellate Court overruled a petition for a rehearing, and thereupon said appellant filed a petition to transfer the same to the Supreme Court, under the second clause of §1394 Burns 1908, Acts 1901, p. 565, §10, on the grounds, (1) that said holding contravened a ruling precedent of the Supreme Court, and (2) that a new question of law was directly involved, and was decided erroneously. The Supreme Court denied said petition, thereby approving the conclusion reached by said Appellate Court in holding that said "in and out fees" were the property of the county, which the sheriff was required to pay into the county treasury. *Board, etc.,* v. *Given* (1907), *post,* 468. It follows that the court did not err in sustaining the demurrer to appellant's answer of set-off.

The question presented by the first assignment of error is: Did the amounts received by appellant, as sheriff, from the relator for giving such election notices belong to him, or were the same the property of the county, which he was required to pay into the county treasury? If the same belonged to him, this case must be reversed, but if the same were the property of the county, which said Smith was required to pay into the county treasury, the judgment must be affirmed,

Section 6426 Burns 1901, Acts 1895, p. 319, §21, provides that "the county officers named herein shall be entitled to receive for their services, the compensation specified in this act, which compensation is graded in proportion to the population and the necessary services required in each of said several counties, subject to the conditions herein prescribed, and they shall receive no other compensation whatever."

Section 6528, *supra*, provides that "the sheriffs of the various counties of this State shall, on behalf of their respective counties, tax and charge the fees provided by law on account of services performed by such officers; the fees and amounts so charged shall be designated 'sheriff's costs,' but they shall, in no sense, belong to or be the property of the sheriff, but shall belong to and be the property of the county, except that in the execution of all processes issued from any other county than that of his residence, the sheriff shall be entitled to charge and collect the same fees for like services in similar cases, and which shall be his own."

Section 6540 Burns 1901, Acts 1895, p. 319, §136, provides: "Nothing herein contained shall be so construed in any event as to allow any of the officers herein named the salaries herein provided and also the fees required to be taxed except as otherwise specified."

Under these sections of the act of 1895 it has been held by this court that all "fees" to be taxed and charged for the services of a public officer under said act belong, not to the officer, but to the county, and must, when collected by said officer, be paid into the county treasury, unless said act expressly provides that the same shall belong to such officer. *Seiler* v. *State, ex rel.* (1903), 160 Ind. 605, 620, 621; *State, ex rel.*, v. *Flynn* (1903), 161 Ind. 554, 581, 582; *Board, etc.,* v. *Given, supra.*

This court in *Seiler* v. *State, ex rel., supra,* on page 619, quoted with approval the following from *Cowdin* v. *Huff* (1858), 10 Ind. 83: "There are now, and were, at the adoption of our Constitution, at least three modes in use of

compensating persons engaged in public service, viz., fees, salaries, and wages. These modes are all different, each from the other; and the difference between them has been immemorially well understood. Fees are compensations for particular acts or services; as the fees of clerks, sheriffs, lawyers, physicians, etc. Wages are the compensation paid, or to be paid, for services by the day, week, etc., as of laborers, commissioners, etc. Salaries are the per annum compensation to men in official and some other situations.''

It is evident that the sheriff in giving notice of elections under §6875 Burns 1908, §4679 R. S. 1881, was engaged in the performance of particular acts which involved going from place to place in the county, and giving and serving notice, and not service by the day or week, and it follows, therefore, that the compensation therefor, like compensation for service of process, miles traveled in serving the same, or to post notices for the sale of real estate, and ''in and out fees,'' falls within the meaning of the word ''fees'' as used in the act of 1895, supra.

In Board, etc., v. Given, supra, this court said: ''In the appeal of the State, ex rel., v. Flynn [1903], 161 Ind. 554, 581, in speaking in regard to the fees to be charged and accounted for under the statute of 1895 by the clerk of the circuit court, we said: 'Of course, it must be conceded, and cannot be successfully denied, that the clerk, under the requirements of the act of 1895, must charge and tax, on behalf of the county, and account to the latter as therein provided for, all fees which arise out of official services performed by him for any person or for the county or any other municipality. The mere fact that the fees which the law exacts shall be charged and taxed by the officer are to be paid by the county does not exempt him from reporting them at his quarterly settlement if collected, and returning or paying the money into the county treasury as provided by §124 of the statute in controversy. It is the fees that are required to be charged or taxed by law which, by the legisla-

tive mandate as declared in §136 of said act of 1895, are in no event to be allowed to the officers named in the salary act of 1895 in addition to their salaries except as otherwise specified.'" What is stated in said quotation applies with equal force to sheriffs under the act of 1895, *supra*.

It is true that said fees for giving election notices are allowed and paid by the county out of the county treasury under §6528 Burns 1901, Acts 1895, p. 319, §122, but, as said act does not provide that such fees are the property of the sheriff, they, under the rule declared above upon the authority of *Seiler* v. *State, ex rel., supra, State, ex rel.*, v. *Flynn, supra,* and *Board, etc.*, v. *Given, supra,* belong to the county.

It follows that the court did not err in overruling the demurrer to the breach of the bond alleged. Judgment affirmed.