## ROBERTS v. BOARD OF COMMISSIONERS OF THE COUNTY OF BROWN.

[No. 8,340.    Filed November 26, 1912.    Rehearing denied October 17, 1913.]

1. STATUTES.—*Construction.*—*Words and Phrases.*— Under §240 Burns 1908, §240 R. S. 1881, words and phrases used in a statute shall be taken in their plain, ordinary, or usual sense, but technical words and phrases, having a particular and appropriate meaning in law, shall be understood according to their technical import, unless such a construction would be plainly repugnant to the intent of the legislature or of the context of the statute in which they appear.   p. 320.

2. SHERIFFS.—*Compensation.*—*Fees.*—*Statutes.* — Sheriffs are not required to pay into the county treasury all money received by virtue of their office, but, under §7335 Burns 1908, Acts 1905 p. 451, §122, they are required to tax and charge the fees provided by law on account of services performed by them as such officers, and the fees and amounts so taxed belong to the county and must be paid into the county treasury.   p. 320.

3. SHERIFFS.—*Compensation.*—*Fees.*—*Mileage.*—Under §7335 Burns 1908, Acts 1905 p. 451, §122, providing that a sheriff shall tax and charge the fees provided by law on account of the services performed by' him, and that the same shall be designated "sheriff's costs" and shall be the property of the county, the amount charged and collected by a sheriff as mileage in the service of writs, summonses, notices, etc., are to be considered as fees provided by law on account of services in the discharge of his official duties, and not as a reimbursement to him for expenses incidentally incurred in the service of such writs, so that when collected they belong to the county, and not to the sheriff personally.   p. 321.

From Brown Circuit Court; *W. E. Deupree,* Judge.

Action by George M. Roberts against the Board of Commissioners of the County of Brown.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*Alexander Dowling, Willis C. Nusbaum* and *Miller & Dowling,* for appellant.

*George W. Long,* for appellee.

LAIRY, J.—Appellant by his complaint seeks to recover from appellee the sum of $495.70, which he alleges was paid by him into the treasury of Brown County, through inadvertence and mistake, at various times when he made his quarterly settlements, while serving as sheriff of that county. The money thus alleged to have been erroneously paid into the county treasury consists of various items which appellant had charged and collected as statutory mileage in the service of writs, summonses, subpoenas, venires and notices, originating within said county and served by him as sheriff. The trial court sustained a demurrer to the complaint and entered judgment for appellee, and the correctness of this ruling on demurrer, is the only question presented for review.

Our statute contains the following provision: "The sheriffs of the various counties of this state shall, on behalf of their respective counties, tax and charge the fees provided by law on account of services performed by such officers; the fees and amounts so charged shall be designated 'sheriff's costs', but they shall in no sense belong to or be the property of the sheriff, but shall belong to and be the property of the county, except * * * That in the execution of all processes issued from any other county than that of his residence, the sheriff shall be entitled to charge and collect the same fees for like services in similar cases, and which shall be his own." §7335 Burns 1908, Acts 1905 p. 451, §122. If the mileage allowed by law to sheriffs is to be considered as a fee provided by law on account of services rendered in the discharge of his official duties, such mileage belongs to the county and does not belong to the sheriff, and the demurrer to the complaint was properly sustained. On the other hand, if the mileage allowed by law is not intended as a fee or compensation to the officer for the performance of any official act, but is intended, as claimed by appellant, to reimburse him for his expenses incidently incurred in the service of such writs, then such mileage when collected would belong to the sheriff personally and not to the county.

Appellant's counsel in their able brief take the position that mileage as defined by lexicographers and as construed by judicial opinions, means a reimbursement to public officers for expenses incurred in the performance of official duties, and not a compensation for services performed. As an illustration it is said that where a sheriff goes out to serve a summons he is required to perform two official acts, first to serve the summons by reading or by leaving a copy, and second to make a return; that the amount allowed the sheriff by law for the service of the writ and for making the return is intended as compensation for these official duties and are properly designated as fees, but that the officer is not actually engaged in the performance of an official duty while he is traveling to and from the place where he is required to be in order to perform it; that such travel is a mere incident to the performance of such duty and that mileage is allowed by law in lieu of his actual traveling expenses and to reimburse him therefor. The following definitions of the word mileage are cited: "A compensation of so much per mile allowed to officers traveling on the public business, or to any person authoritively summoned in respect to a matter of public importance, as to a witness." Cyclopedic Law Dict. 594. "Traveling expenses which are allowed to witnesses, sheriffs and baliffs." Wharton's Law Lexicon (7th ed.) 525. "An allowance for traveling expenses at a certain rate per mile." Webster's International Dict., "mileage." "Payment allowed to a public functionary for the expenses of travel in the discharge of his duties, according to the number of miles passed over." Century Dict., "mileage."

The case of *United States* v. *Smith* (1895), 158 U. S. 346, 15 Sup. Ct. 846, 39 L. Ed. 1011, is cited by appellant as sustaining his contention as to the meaning of the word mileage. In this case a Federal statute was construed, which statute provided that certain fees should be allowed to district attorneys in addition to the salary of $2,500. In the

part of the act providing for fees was a provision that such attorneys should receive $5 per day while attending court and ten cents per mile for traveling from the place of their abode to the place of holding court, and ten cents per mile for returning.   In 1882 the law was changed in so far as it related to New Mexico and Arizona so as to read: ''for the like services double the fees heretofore provided''; but the amendment also provided that the district attorney should not receive for fees and salaries more than $3,500.   The plaintiff claimed the increased per diem and mileage although if such mileage were treated as a fee his salary and fee would exceed $3,500 per annum.   The government contended that mileage was a fee and should be considered in computing the annual salary.   In holding that mileage was not a fee but was intended to reimburse the officer for expenses, the Supreme Court of the United States said: ''While an allowance for travel fees or mileage is, by §823, included in the fee bill, we think it was not intended as a compensation to a district attorney for services performed, but rather as a reimbursement for expenses incurred, or presumed to be incurred, in traveling from his residence to the place of holding court, or to the office of the judge or commissioner. The allowance of mileage to officers of the United States, particularly in the military and naval service, when traveling in the service of the government, is fixed at an arbitrary sum, not only on account of the difficulty of auditing the petty items which constitute the bulk of traveling expenses, but for the reason that officers travel in different styles, and expenses, which in one case might seem entirely reasonable, might in another be deemed to be unreasonable.   There are different standards of traveling, as of living, and while the mileage in one case may more than cover the actual expenses, in another it may fall short of it.   *   *   *   The object of the statute is to fix a certain allowance out of which the officer may make a saving or not as he chooses, or is able.   And while, in some cases, it may operate as a compensation, it

is not so intended, and is not a fee, charge, or emolument of his office within the meaning of §834. It is much like the arbitrary allowance for the attendance of witnesses and jurors, which may or may not be sufficient to pay their actual expenses, depending altogether upon the style in which they choose to live." The case of *Scharrenbroich* v. *Lewis & Clark County* (1905), 33 Mont. 250, 83 Pac. 482, is also cited. This case places a like construction upon the word mileage as used in a statute of Montana.

Words and phrases used in a statute shall be taken in their plain, ordinary, or usual sense. But technical words and phrases, having a particular and appropriate meaning in law shall be understood according to their technical import unless such a construction would be plainly repugnant to the intent of the legislature or of the context of the statute in which they appear. §240 Burns 1908, §240 R. S. 1881; *Seiler* v. *State, ex rel.* (1903), 160 Ind. 605, 65 N. E. 922, 66 N. E. 946, 67 N. E. 448; *Hockemeyer* v. *Thompson* (1898), 150 Ind. 176, 48 N. E. 1029, 49 N. E. 1059.

Is the word mileage as used in the statute providing a schedule of fees for sheriffs to be held to mean an allowance to the officer in lieu of traveling expenses and to reimburse him therefor, or would such a construction be clearly repugnant to the intent of the legislature or to the context of the act? The sheriffs of the various counties are not required to turn into the county treasury all money received by virtue of their office; but they are required to "tax and charge the fees provided by law on account of services performed by such officers." The fees and amounts so taxed belong. to the county and must be paid into the county treasury. §7335 Burns 1908, *supra; State, ex rel.* v. *Flynn* (1903), 161 Ind. 554, 69 N. E. 159. In the case last cited the court on page 573 said: "Our legislature, however, in giving expression to its will in regard to what should be charged and taxed by the clerk and paid by him into the

county treasury to constitute a fund for the payment of his salary, was content to employ only the word 'fees.'"

Is mileage a fee provided by law for a service performed by a sheriff? If it is the judgment must be affirmed. The fact that the provision is contained in the section of the statute which contains the schedule of sheriff's fees is not conclusive of the question that it should be treated as a fee. The same section provides that the sheriff shall be allowed forty cents a day for boarding prisoners in the county jail and that, in counties where no jail or sheriff's residence is provided, the board of county commissioners shall allow the sheriff a reasonable amount for house rent and fuel. It would scarcely be contended that either of the items mentioned is a fee which is required by the statute to be taxed as sheriff's costs and to be paid into the county treasury when collected. In *State, ex rel.* v. *Flynn, supra,* on page 578 the court employs the following pertinent language: "Sections 114 and 122, the latter of which prescribes the fees to be taxed and charged by the sheriff, are each somewhat confused or inappropriately drafted, and embrace not only fees, but also all allowances to said officials as a compensation for expenses incurred in the performance of public services. To illustrate our meaning: By a provision in §122, the sheriff who is *ex officio* the jailer of the county, is allowed a *per diem* of forty cents for boarding prisoners, and again it is provided that in counties where there is no sheriff's residence or jail he is to be allowed a reasonable amount for house rent and fuel. Neither of these allowances, as we have shown under the decisions of this court, can be regarded as fees. Again, by a provision of §114 the clerk is to be allowed 'for going to and returning from the office of the Governor of the State to receive State ballots, for each mile necessarily traveled, five cents.' To hold that these respective allowances must be taxed and charged as fees in behalf of the county and paid into the public treas-

ury because they are contained in sections of the law along with what may be properly denominated fees would, in effect, be imputing to the legislature the inconsistency of requiring the clerks of the several counties to go to the office of the Governor and procure the official ballots at their own expense. This certainly would impose upon clerks of counties remote from the capital city the payment out of their own pockets of at least an appreciable sum of money, and to this extent their salaries would thereby be reduced. By force of the same construction the sheriff would be compelled to tax and charge as a fee his *per diem* for boarding prisoners in his custody, and return the money received therefor to the county treasury. These compensatory allowances arise out of or attach to the office of clerk, or sheriff as the case may be.''

In every case in which mileage is allowed to the sheriff, a fee for the performance of the official act is also provided, except in three instances. The first instance is a provision for four cents per mile for each mile necessarily traveled for each prisoner, the sheriff and the necessary attendants to be allowed for removing persons to the penal institutions of the State, to be paid out of the State treasury; the second is a like provision for mileage to be paid out of the county treasury for removing persons to hospitals for the insane; and the third is a provision for three cents per mile for each mile necessarily traveled in going to and returning from comparing the vote for and giving a certificate to a joint senator or joint representative, to be paid by the county of such sheriff's residence. The question as to whether the mileage allowed in the three instances to which we have referred is a fee to be taxed as sheriff's costs and paid into the county treasury is, so far as we are advised, an open one. The Supreme Court, in effect, said, *arguendo,* in the case of *State, ex rel.* v. *Flynn, supra,* that the mileage allowed to the clerk for going to and returning from the office of the Governor to receive the State ballots, should be treated

as a reimbursement for his traveling expenses and not as
a fee for which he was required to account to the county. If
this is true, it would seem, for a like reason, that the mileage
allowed sheriffs in the three instances last mentioned should
be treated also as a reimbursement for traveling expenses.
The trips required to be made by the sheriff in these in-
stances are usually quite lengthy, but the expense per mile,
in making such trips on railroad trains might be correspond-
ingly less than the expense of making a short trip in his own
county for the purpose of serving process or discharging
other duties of his office, where he was required to hire a
conveyance or to keep the necessary conveyances for such
purpose.

If it were held that the mileage provided by this section
was intended to reimburse the sheriff for his expenses of
travel, such holding would not increase the salary of the
sheriff or confer upon him an additional compensation. It
would simply prevent the salary allowed by law from being
depleted by the payment of the expenses incident to his
official duties. In the case last cited it is said on page 580,
''The argument is further advanced that if the clerk be per-
mitted to retain the money arising out of his per diem serv-
ices in attending court, then his salary, by this method,
will be increased. But this claim is no more reasonable or
true than would be the contention that the salary of the
judge of the court was in fact increased by a law allowing
him his necessary expenses incurred in traveling over his
circuit for the purpose of holding court. The clerk of the
circuit court, as we have shown, is allowed no deputy, and he
is required to be at his office each day, and attend all of the
courts of his county when in session. These duties can not
in reason be performed without incurring the expense of
deputy hire. Especially is this true in many of the more
populous counties of the State. If this *per diem* for attend-
ing court must be returned to the county, then his salary,
in effect, is reduced to the amount at least which he is com-

pelled to pay to a deputy to assist in the discharge of public business. It would no more increase his salary than it does to allow him his mileage to compensate him for the expense incurred in going to and returning from the Governor's office to receive official ballots. Such compensatory allowances do not serve to increase the officer's salary, but simply serve to prevent it from being expended in part by the official in the performance of public business.''

It must be admitted that the arguments advanced by appellant seem plausible, and that the authorities cited appear to sustain his position, but the question seems to have been settled adversely to appellant's contention by a recent decision of the Supreme Court. The case of *Smith* v. *State, ex rel.* (1907), 169 Ind. 260, 82 N. E. 450, was an appeal from a judgment rendered in favor of the State on the relation of the Board of Commissioners of Kosciusko County and against Smith on his bond as sheriff. With the complaint upon which the judgment was based a bill of particulars was filed stating the various items of fees which the county sought to recover from the sheriff. Among the items thus claimed by the county were several allowances made by the board of county commissioners to the sheriff for serving election notices under §6875 Burns 1908, §4679 R. S. 1881. As the only allowance authorized by law for services of this character is ''mileage,'' the question of the right of the sheriff to retain as his own, the mileage allowed to him for serving such notices, was squarely presented. The Supreme Court held that this was a fee which he was required to pay into the county treasury. The court said on page 264, ''It is evident that the sheriff in giving notice of elections under· §6875 Burns 1908, §4679 R. S. 1881, was engaged in the performance of particular acts which involved going from place to place in the county, and giving and serving notice, and not service by the day or week, and it follows, therefore, that the compensation therefor, like compensation for the service of process, miles traveled in serving the same, or to

post notices for the sale of real estate, and 'in and out fees,' falls within the meaning of the word 'fees' as used in the act of 1895, *supra*." In view of the fact that the question involved in this case was presented for decision in the case last cited, we regard the language quoted as decisive. In effect this is a holding that the mileage allowed to a sheriff by law for serving election notices is intended as a compensation for his time and trouble in going from place to place in his county to serve election notices and is to be regarded as a fee for such services. This holding is inconsistent with the claim of appellant that mileage as provided by the statute was intended, not as a compensation to the sheriff for services, but as a reimbursement for expenses. While it is true that the distinction sought to be made in this case between compensation for official services and reimbursement for expenses was not urged upon the court in the case of *Smith* v. *State, ex rel., supra,* and was not discussed in the opinion, still the ultimate question of the right of the sheriff to retain the money received by him as mileage for the posting of election notices was presented and such right was denied. If the mileage allowed for posting such notices is to be regarded as a fee which the sheriff is required to pay into the public treasury, we can see no reason for holding that the same rule does not apply to the mileage allowed the sheriff for the service, within his bailiwick, of summonses, venires, and other processes of the court, originating within his county.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 1015. See, also, under (1) 36 Cyc. 1114, 1118; (2) 35 Cyc. 1611.