HARTER v. BOARD OF COMMISSIONERS OF BOONE COUNTY.

[No. 23,186. Filed May 29, 1917.]

1. SHERIFFS.— *Compensation.* — *Fees.* — *Statute.* — Under §7335 Burns 1914, Acts 1909 p. 8, providing that sheriffs shall, on behalf of their respective counties, tax and charge the fees provided by law on account of services performed by them, and that the fees and amounts so taxed shall be designated "sheriff's costs," but shall in no sense be the property of the sheriff but shall belong to the county except as specifically provided, a sheriff's mileage charges for services that were his duty to perform in serving processes originating in the county come within the term "sheriff's costs" within the meaning of the statute and belong to the county. pp. 304, 307.

2. STATUTES.—*Enactment After Judicial Decision.*—*Intention of Legislature.*—*Presumption.*—Where a question has been ruled on by the Supreme Court, it will be presumed that legislation thereafter had on the same subject was enacted with the decision in mind. p. 305.

3. COURTS.—*Transfer of Causes.*—*Denial of Transfer from Appellate Court.*—*Effect.*—The denial of a transfer of a case from the Appellate Court to the Supreme Court cannot be regarded as an approval of all that was said *arguendo* by the Appellate Court as to what the law might be but only an approval of the statements of legal principles in such case by the Appellate Court as announced by the Supreme Court. p. 306.

From Boone Circuit Court; *Willett M. Parr,* Judge.

Action by Samuel W. Harter against the Board of Commissioners of Boone county. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*L. Ert Slack, Willis C. Nusbaum* and *Miller & Dowling,* for appellant.

*Roy W. Adney,* for appellees.

MYERS, J.—This case comes to this court from the Appellate Court with the recommendation that the case

of *Roberts* v. *Board, etc.* (1913), 54 Ind. App. 316, 99 N. E. 1015, be overruled, and the case of *Smith* v. *State, ex rel.* (1907), 169 Ind. 260, 82 N. E. 450, be distinguished, and that the judgment in the case at bar be reversed. 114 N. E. 321.

From the complaint it appears that appellant, as the duly elected and acting sheriff of Boone county, for two years prior to January 1, 1913, charged as statutory mileage items aggregating $626.50; that of these items $543 was on account of mileage traveled in the service of writs, summonses, subpoenas, venires and notices originating within the county, and $83.50 as mileage for summoning grand and petit juries; that these several items as collected were, through inadvertence and mistake, paid into the county treasury at the time of making quarterly reports of fees collected. To this complaint in two paragraphs, a demurrer was addressed for want of facts, and was sustained. From a judgment in favor of appellee, appellant appeals and assigns as error the ruling of the court on the demurrer.

Appellant contends that under the fee and salary law the legislature intended to allow sheriffs mileage as a personal reimbursement, and not as a fee for services; while appellee insists that such mileage is not the property of the sheriff, but belongs to the county, whether such mileage be characterized as a fee, compensation, or sum of money.

The question for decision involves the ownership of the statutory mileage taxed and collected by appellant in serving certain processes originating within the county of his residence. For more than sixty years prior to 1891, county sheriffs in this state were compensated through what is known as the "fee system". The emoluments of that office depended upon the collection of certain fixed fees for services required in the discharge of the duties of the office. A brief reference

to the various legislative enactments relative to the point in controversy may shed some light on the legislative intention, if the law controlling this case is at all obscure. Therefore, going back to 1824 (R. S. 1824 p. 196, 200), the legislature fixed by items the fees to be charged by sheriffs for each particular service. In this list—designated "sheriffs' fees"—the act provided six cents for every mile in going to serve process. In the act of 1852 (Acts 1852 p. 280, 284), the same fee, six cents, was authorized "for every mile traveled in going and returning to serve process". The same provision was re-enacted in 1855 (Acts 1855 p. 101, 104, 1 G. & H. 330), except the fee was reduced to five cents. In 1865 (Acts 1865 p. 70, 71), the legislature, by amending said §5, *supra*, increased the fee to ten cents. This same provision was retained by the legislature in 1873. Acts 1873 p. 119, 126, §8. In 1879, a new act on the subject of fees and salaries was passed, and again the same mileage fee for sheriffs respecting the service of process was continued. Acts 1879 p. 130, 138, §26. The amendment in 1881 (Acts 1881 p. 504, §5873 R. S. 1881) in this respect made no change.

This system for compensating officials became so intolerable, through the custom of charging constructive fees, that the public generally throughout the state demanded relief and protection along this line. The legislature, responding to this general demand, in 1891 (Acts 1891 p. 424, §6405 *et seq.* Burns 1894), passed the first strictly salary law applicable to county officers. At the same time, and as a part of the same law, a schedule of fees was adopted for the purpose of creating a fund for the payment of these salaries, and in case of the sheriff of Boone county, under §27, he was given an annual salary of $2,100. Under §123 it was the duty of the sheriff, on behalf of his county, to tax and charge certain enumerated fees which were desig-

nated "sheriffs' costs," and it was expressly provided that "they (sheriffs' costs) shall, in no sense, belong to or be the property of the Sheriff, but shall belong to and be the property of the county." Among the items of fees to be charged was, "For each mile necessarily traveled in going and returning to serve process ten cents."

In 1895 (Acts 1895 p. 319, §6405 *et seq.* Burns 1901) a new fee and salary law was enacted, which repealed all laws and parts of laws in conflict therewith. This law, in so far as it affects the compensation of the sheriff of Boone county, and in so far as it affects the question now under consideration, re-enacted the old law, except that the new law gave him a salary of $2,400 and fees for certain specified services, which he was entitled to keep as his own. Section 122 of the new act had to do with the fees the sheriff was required to tax and charge on account of services. "The fees and amounts so charged, shall be designated 'Sheriffs' Costs'". The second item in the list to be taxed and charged is, "For each mile necessarily traveled in going to serve process or notice and returning ten cents." This section was amended in 1905. The amendment was a re-enactment of §122, *supra*, as to taxing mileage, and as to ownership of the fees the sheriff was required to tax and charge as "sheriffs' costs". This amended section was again amended in 1909 (Acts 1909 p. 8, §7335 Burns 1914), but without changing the provisions in the preceding amendment to which we have referred.

Looking to the legislation on the subject in controversy, since 1824, and keeping in mind that the various legislatures, during all that time, referred to mileage charge in each enactment as a fee, we must affirm a legislative intent to treat such mileage charges on processes originating in his county as fees, and therefore as "sheriffs' costs".

Section 21 of the act of 1895, *supra*, §7226 Burns 1914, expressly states that the compensation fixed in this act "is graded in proportion to the population and the necessary services required in each of said several counties, subject to the conditions herein prescribed, and they shall receive no other compensation whatever". Since the organization of Boone county, it has always been the duty of the sheriff to serve the processes enumerated in the bill of particulars made a part of the complaint in this case. The legislature knew this when it passed the fee and salary bill in 1895, so that the words "and the necessary services required in each of said several counties" are especially significant, we think, in determining the legislative intention.

We cannot agree with appellant's contention that the words, "They shall tax and charge the following amounts," found in §7335, *supra*, must be given a broader meaning than the preceding language "tax and charge the fees provided by law" and "the fees and amounts so charged". In our opinion all must be considered together and, by so doing, "tax and charge the following amounts" refers to the items thereafter, which the sheriff is required to tax and charge as fees, and which expressly includes the mileage charge of ten cents for each mile actually traveled.

This court, in the case of *Board* v. *Pressley* (1882), 81 Ind. 361, sustained the decision of the circuit court holding that Pressley, as sheriff, was not en-

2. titled to charge for mileage beyond that actually traveled, and that *his fees* for such services were defined by §36 of the act of 1879, *supra*. In the consideration of that case the court treated the mileage charge here under consideration as a fee. That case was decided at the May term, 1882, and it will be presumed that legislation thereafter had as to statutory

mileage was enacted with this decision in mind. True, the precise question now before the court was not then decided, but from the wording of the opinion it is evident that the court had in mind no other thought than that the amount fixed in the statute as a mileage charge for serving process, summoning a jury or a grand jury, was a fee.

The case of *Smith* v. *State, ex rel.* (1907), 169 Ind. 260, 82 N. E. 450, involved, as stated in the opinion, the ownership of the amounts received by the sheriff for giving notices of elections under §6875 Burns 1908, §4679 R. S. 1881; and it held that the sheriff "was engaged in the performance of particular acts which involved going from place to place in the county and giving and serving notice * * *, that the compensation therefor, like compensation for service of process, miles traveled in serving the same * * *, falls within the meaning of the word 'fees' as used in the act of 1895."

While the itemized bill of particulars in the Smith case designated the charge as for "election notices" and "for posting election notices," it was nevertheless a service rendered under §6875, *supra*, which necessarily required the giving of notice, as well as a charge for miles traveled, and this court could not have understood it otherwise. In our opinion the ruling in that case warrants the conclusion reached in the

3. case of *Roberts* v. *Board, etc., supra,* and the denial of the transfer in that case cannot be regarded as an approval of all that was said *arguendo* as to what the law might be, but it is an approval of the statements of legal principles therein as announced by this court.

Upon a re-examination of the Smith case we conclude that it is in line with former rulings of this court. *Seiler* v. *State, ex rel.* (1902), 160 Ind. 605, 65 N. E.

922; 66 N. E. 946, 67 N. E. 448; *State, ex rel.* v. *Flynn* (1903), 161 Ind. 554, 69 N. E. 159; *Board, etc.* v. *Given* (1907), 169 Ind. 468, 80 N. E. 965, 82 N. E. 918; *Donaldson* v. *Board, etc.* (1883), 92 Ind. 80.

As to the case at bar, it was clearly the duty of appellant to perform the service stated in the complaint, and under §122, *supra,* as amended, to tax and charge as fees the items in question. No statute will be found authorizing appellant to appropriate these fees as his own, and in the absence of such authority, they belong to the county. Acts 1895 p. 319, §§122, 136, *supra. Smith* v. *State ex rel., supra.* Judgment affirmed.

NOTE.—Reported in 116 N. E. 304.