## TRAVIS, ADMINISTRATRIX, *v*. ROCHESTER BRIDGE COMPANY.

### [No. 23,549. Filed February 20, 1919.]

1. BRIDGES. — *Construction. — Breach of Duty. — Contractors.— Liability.*—In the construction of bridges by the county, the primary duty to make them safe for public use is upon the county, and this primary obligation is not divested, as between it and independent contractors, by the fact that the legislature has not imposed a liability on counties for the breach thereof. p. 82.

2. BRIDGES.—*Action for Damages.—Liability of Contractor.— Acceptance by County.*—Where a county bridge, constructed by a contractor, under Acts 1899 p. 170, §5590 *et seq.* Burns 1901, was defective and, after its acceptance by the county and about five years after its construction, gave way, causing the death of the plaintiff's husband, the contractor was not liable, in the absence of a showing that its acceptance was procured through fraud or deception of the contractor, since by the acceptance the chain of causation between the contractor's negligence and the injury was broken. p. 82.

3. NEGLIGENCE.—*Manufactured Products.—Independent Contractors.—Liability.—Cases Distinguished.*—The liability of manufacturers of machinery for injuries resulting to persons not parties to the contract, on account of defects in construction, is distinguished from the liability of independent contractors for injuries resulting from defective construction of bridges or like structures, in that the manufactured product is made according to plans, and under direction, of the manufacturer, while the work of the contractor is generally done according to plans, or under supervision, of the party letting the contract. p. 83.

4. NEGLIGENCE.—*Manufactured Products.—Care Required.—Defective Articles.—Notice.*—The manufacturer of products that in their nature are not inherently dangerous when free from

defects owes no duty to exercise care in their manufacture for the safety of persons with whom he has no privity of contract; but where a manufactured product when sold by the manufacturer is dangerous for its intended use, to the manufacturer's knowledge, it is his duty to notify the purchaser of the defects and his failure to notify renders him liable for resulting injuries.   p. 84.

5.   NEGLIGENCE. — *Manufactured Products.* — *Liability for Injuries.*—Where the purchaser of a manufactured article not inherently dangerous accepts the article with knowledge of dangerous defects therein, the liability to third persons for injuries resulting therefrom rests upon him, and not upon the manufacturer; but the rule is otherwise if the article is inherently dangerous, regardless of the question of knowledge. p. 85.

From Marshall Circuit Court; *William B. Hess,* Special Judge.

Action by Cenia Travis, administratrix of the estate of her deceased husband, Harry Travis, against the Rochester Bridge Company.   From a judgment sustaining a demurrer to the amended complaint, the plaintiff appeals.   (Transferred from the Appellate Court under Acts 1901 p. 565, §1394 Burns 1914.)   *Affirmed.*

*Frank E. Osborn, W. A. McVey* and *Lee L. Osborn,* for appellant.

*George W. Holman, Harry Bernetha* and *Frank E. Bryant,* for appellee.

LAIRY, J.—It appears from the amended complaint in this case that Harry Travis was killed by the falling of a bridge constructed by appellee on a public highway under contract with the board of commissioners of LaPorte county.   Appellant; as his administratrix, brought this action against appellee to recover damages resulting from his death, basing her right to recover on the negligence of appellee in the construction of the bridge. The trial court sustained a demurrer addressed to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.   This ruling is

assigned as error, and presents the only question to be considered on appeal.

The complaint shows that appellee as contractor constructed the bridge in question under a contract with the board of commissioners of LaPorte county in the year 1905, and that on August 27, 1910, while appellant's decedent was crossing it with a traction engine, it gave way and fell, causing injuries which resulted in his death. It is alleged that the bridge was constructed on stone abutments on each side of the stream with a floor beam in the center thereof supported by certain truss-rods, and that iron stringers were laid from the stone abutments on each side with the other ends meeting and resting on the floor beam. It is charged that appellee was negligent in failing to fasten the ends of the stringers to the floor beam and to other parts of the bridge and to each other, and that by reason of such negligent failure and omission the stringers crept and shifted from the vibrations of the bridge and finally fell from the floor beam, causing the floor of the bridge resting thereon to fall. It is further alleged that the defective and dangerous condition of the bridge was known to appellee, and that they were not known to appellant's decedent for the reason that the floor of the bridge concealed such condition from him and the public generally.

In determining the question presented by the assignment of error this court is required to decide whether or not a duty rested on appellee to use care in the construction of the bridge in favor of travelers on the highway who might use the bridge. If a duty rested on appellee to use care to protect that class of persons from injury, such duty may be asserted in behalf of appellant's decedent, and an action based on the failure to discharge the duty thus imposed. On the other hand, if the law under the facts stated imposed no duty on the

contractor to use care for the safety of those who might use the bridge in traveling on the highway, then no negligence could be charged in favor of appellant's decedent.

In the construction of bridges by the county as a part of the public highways the primary duty to make them safe for the use of the public rests on the county, 1. and the fact that the legislature in this state has not imposed a liability on counties for the breach of such duty does not in any sense divest the county of such primary obligation as between it and independent contractors. At the time the contract for the building of the bridge was let to appellee by the board of commissioners of LaPorte county, the statute required that such contract should be let pursuant to notice and in accordance with a survey, profile and general plan which the statute required to be deposited with the county auditor for two weeks prior to the time the contract was let. Acts 1899 p. 170, §5590 *et seq.* Burns 1901.

The bridge did not give way and fall until about five years after it was constructed, during which time it was used by the public. The fact, as appears from 2. the complaint, that it was thrown open to the public and used for such length of time shows an acceptance by the county. The complaint does not allege that any fraud or deception was practiced by the contractor in procuring an acceptance of the bridge by the county, or that the defect was intentionally concealed so as to prevent its discovery by a proper inspection. Under such a state of facts, the liability of the contractor to the general public and persons not parties to the contract terminated at the time the bridge was accepted as completed and thrown open to the use of the public. Such act on the part of the county amounted to an intervention of an independent human agency which had the effect of breaking the chain of causation be-

tween any negligence of the contractor and an injury which might occur after acceptance. After acceptance of the bridge by the county, the traveler might rightly repose confidence in the county to the extent of believing that it had exercised reasonable care to provide a safe bridge for his use, but he had no right to repose such confidence in the contractor who built the bridge. *Daugherty* v. *Herzog* (1896), 145 Ind. 255, 44 N. E. 457, 32 L. R. A. 837, 57 Am. St. 204.

The rule thus announced applies to all cases where an independent contractor constructs a building, bridge, or other structure under contract with an individual or corporation, in the absence of a showing that such fraud, deceit or intentional concealment of defects was practiced by the contractor in obtaining the acceptance as to render such acceptance ineffectual. Wharton, Negligence (2d ed.) §438. *Curtin* v. *Somerset* (1891), 140 Pa. 70, 21 Atl. 244, 12 L. R. A. 322, 23 Am. St. 220; *Burdick* v. *Cheadle* (1875), 26 Ohio St. 393, 20 Am. Rep. 767.

In the case of *Casey* v. *Wrought Iron Bridge Co.* (1905), 114 Mo. App. 47, 89 S. W. 330, the contractor was held liable for negligence in the construction of a bridge to a person who was injured by the bridge falling a short time after it was accepted, on the ground that the contractor knew of the defects and knew that the bridge was dangerous at the time it was accepted, and that such defects were intentionally concealed so as to prevent their discovery by a reasonable inspection. No such question is presented in the case at bar.

Many cases have been cited by appellant involving the liability of manufacturers of machinery, conveyances and other articles sold in the regular

3. course of trade, for injuries resulting to persons not parties to the contract on account of defects in the construction of the article sold. The relations

involved in such cases are analagous to those in the
case at bar, but they are not identical; and the rules of
law which apply, while similar in many respects, are
not the same. In the class of cases to which the one
at bar belongs, the work is generally done by the con-
tractor in accordance with plans furnished by the party
letting the contract or under his direction and supervi-
sion, and the work is subject to inspection before ac-
ceptance. In the other class of cases to which refer-
ence is made, the machinery or other article manufac-
tured is made according to the plans of the manufac-
turer and under his direction and subject to his inspec-
tion before sale. The differences pointed out between
the classes of cases under consideration furnishes a rea-
son for holding that the liability of an independent con-
tractor toward third persons not parties to the contract
terminates with the completion of the work and the ac-
ceptance of the contract, while a similar rule, but some-
what modified, applies to manufacturers selling in the
ordinary course of trade. As affecting the liability of
a contractor, the acceptance of the work by the other
party to the contract operates as the intervention of an
independent human agency which breaks the chain of
causation so as to preclude a third party from assert-
ing or relying on any duty on the part of the contractor
to use care for his safety in the construction of the work.

It may be stated as a general rule that the manufac-
turer of products which in their nature are not inher-
ently dangerous in use when free from defects,
4.  rests under no duty to exercise care in their
manufacture for the safety of persons with whom
he has no privity of contract. *Winterbottom* v. *Wright*
(1842), 10 M. & W. 109; *Heizer* v. *Kingsland, etc.,
Mfg. Co.* (1892), 110 Mo. 605, 19 S. W. 630, 15 L. R. A.
821, 33 Am. St. 482; *Losee* v. *Clute* (1873), 51 N. Y.
494, 10 Am. Rep. 638; *Huset* v. *J. I. Case, etc., Co.*

Travis, Admx., *v.* Rochester Bridge Co.—188 Ind. 79.

(1903), 120 Fed. 865, 57 C. C. A. 237, 61 L. R. A. 303. If, however, such a manufactured product at the time it is sold by the manufacturer is dangerous and unsafe for use for the purpose for which it is intended, and if the manufacturer knows of such defects at the time of sale, the duty rests on him to notify the purchaser of such defects. For a failure to discharge this duty the manufacturer is held liable to any person who may be injured as a result of such defect. *Lewis* v. *Terry* (1896), 111 Cal. 39, 43 Pac. 398, 31 L. R. A. 220, 52 Am. St. 146; *Heizer* v. *Kingsland, etc., Mfg. Co., supra.*

The duty does not extend to the exercise of care in the manufacture of the article. The limit of the duty imposed on manufacturers of articles of this nature 5. is to give notice to the purchaser of any defect known to him which would render its use dangerous. If he discharges the duty thus imposed by notifying the purchaser of any known defects which would render the use of such article dangerous, his liability is at an end. If the purchaser accepts the article with such knowledge, the liability as to third persons rests on him. *Loop* v. *Litchfield* (1870), 42 N. Y. 351, 1 Am. Rep. 543; *Olds Motor Works* v. *Shaffer* (1911), 145 Ky. 616, 140 S. W. 1047, 37 L. R. A. (N. S.) 560; *Logan* v. *Cincinnati, etc., R. Co.* (1910), 139 Ky. 202, 129 S. W. 575.

If an article not inherently dangerous is sold by the manufacturer under the belief that it is free from defects which render it unsafe or dangerous for use, he cannot be held liable for negligence in its manufacture in favor of strangers to the contract. The liability of the manufacturer of articles of the character under consideration depends, so far as strangers to the contract are concerned, on the breach of the duty which the law imposes on him to give notice to the purchaser of defects known to him which renders the article unsafe

for use for the purpose for which it is intended, or on some fraud or deceit on his part, or some concealment of the defect which would prevent its discovery by a reasonable inspection. *Levy* v. *Langridge* (1838), 4 M. & W. 337; *Woodward* v. *Miller* (1903), 119 Ga. 618, 46 S. E. 847, 64 L. R. A. 932, 100 Am. St. 188; *Olds Motor Works* v. *Shaffer, supra; Huset* v. *J. I. Case, etc., Co., supra; Kuelling* v. *Lean Mfg. Co.* (1905), 183 N. Y. 78, 75 N. E. 1098, 2 L. R. A. (N. S.) 303, 111 Am. St. 691, 5 Ann. Cas. 124.

The manufacturer of articles which in their nature are inherently dangerous, such as poisonous drugs improperly labeled, are held liable to strangers to the contract of sale for any injury sustained resulting from negligence in the manufacture or labeling of such articles, regardless of any knowledge of the danger occasioned by such negligence. *Norton* v. *Sewall* (1870), 106 Mass. 143, 8 Am. Rep. 298; *Thomas* v. *Winchester* (1852), 6 N. Y. 397, 57 Am. Dec. 455; *Peterson* v. *Standard Oil Co.* (1910), 55 Ore. 511, 106 Pac. 337, Ann. Cas. 1912A 625.

A consideration of the principles stated and the authorities cited affords a means of distinguishing the cases cited by appellant from the case at bar. The trial court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

NOTE.—Reported in 122 N. E. 1. Negligence: liability of maker of automobiles to third persons for defective construction, Ann. Cas. 1913B 689, 1917E 584. See also under (2) 29 Cyc 499; (3-5) 29 Cyc 478-484.