SHIRLEY COHEN and Another, Respondents, v. BROCKWAY MOTOR TRUCK CORPORATION, Appellant, Impleaded with " JOHN DOE " and Others, Defendants.

First Department, January 19, 1934.

*Frederick S. Fisher, Jr.,* of counsel [*Duryee, Zunino & Amen,* attorneys], for the appellant.

*Samuel M. Zuckerman* of counsel, for the respondents.

GLENNON, J. Defendant, Brockway Motor Truck Corporation, is a manufacturer of trucks. It sold one of its trucks to Jacob

Cohen, the employer of plaintiff Shirley Cohen. While Shirley Cohen was on the truck, one of the door handles "gave way and broke, causing one of the doors * * * to suddenly open." As a result "plaintiff Shirley Cohen was thrown through the said door opening and fell under the said truck."

Defendant attacks the sufficiency of the complaint. Plaintiffs, in the main, contend that this case is governed by the principle laid down by the Court of Appeals in *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382). In that case a rear wheel, which was not of sufficient strength to properly run and sustain the machine, collapsed, causing injury. In *Quackenbush* v. *Ford Motor Co.* (167 App. Div. 433) a manufacturer was held liable for simple negligence in selling a car which was not equipped with proper brakes, with the result that it could not be controlled and ran over an embankment. In each of those cases the defective part in the automobile rendered it, while in motion, a "thing of danger," and an accident, which was almost inevitable, resulted.

Certain defective parts make an automobile either inherently or imminently dangerous; others do not. In *MacPherson* v. *Buick Motor Co.* (*supra*) Judge CARDOZO stated: "There must be knowledge of a danger, not merely possible, but probable. It is possible to use almost anything in a way that will make it dangerous if defective. That is not enough to charge the manufacturer with a duty independent of his contract. Whether a given thing is dangerous may be sometimes a question for the court and sometimes a question for the jury."

The doctrine outlined in *MacPherson* v. *Buick Motor Co.* should not be extended. It was not intended to make a manufacturer of automobiles liable in negligence for every conceivable defect. We are inclined to the view that it must be in a part which would make an automobile "a thing of danger." It cannot be said that this defendant, the manufacturer, could have been charged with "knowledge of a danger" because of a defective "door handle." Such a defect may make danger possible, but not probable.

Accordingly, the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur; O'MALLEY, J., dissents and votes for affirmance.

O'MALLEY, J. (dissenting). Danger in a defective door fastening in an automobile is not only "merely possible, but probable." Common experience teaches that passengers frequently, either consciously or unconsciously, lean their weight against doors.

This is true of persons using the small adjustable seats in the rear when engaged in conversation with other fellow passengers. They frequently sit with their backs resting against the doors, in order to partially face those sitting in the rear. The same is true of one sitting to the right of the driver who desires to address or converse with those in the rear seats. Then, too, the operator himself will sometimes lean his left arm or part of his weight against the front door. Considering the high rate of speed at which automobiles are now operated, with attendant danger of turning sharp curves and making sudden and unexpected turns in an emergency, danger from doors suddenly opening is reasonably to be apprehended. True, its degree is not so high as in the case of a defective wheel or brake. However, it is ever present and threatening.

All facts essential to establish a cause of action under the principle of *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382), including causal relation between defect and the injuries, are stated. We are concerned with a question of pleading merely, and under the general rule the complaint is entitled to every fair intendment.

I am of opinion, therefore, that the plaintiffs have stated a cause of action under *MacPherson* v. *Buick Motor Co.* (*supra*) and *Quackenbush* v. *Ford Motor Co.* (167 App. Div. 433).

I, therefore, dissent and vote for affirmance.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.