Loraine ELLIOTT, Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION, a
Delaware corporation, Defendant-
Appellee.

No. 13353.

United States Court of Appeals
Seventh Circuit.

Nov. 8, 1961.

Rehearing Denied Dec. 14, 1961.

**126**

ant's contention that plaintiff's complaint failed to state a claim against defendant upon which relief can be granted.

So far as here relevant, the complaint alleges that defendant, a manufacturer and distributor of passenger automobiles, manufactured and assembled a certain Chevrolet automobile, and as a part thereof a splash shield was bolted and attached to the underneath side of the automobile near the front end, which shield was a single sheet of metal approximately 28 inches by 12 inches in size with an opening approximately 11 inches by 7 inches, which opening was designed to permit mechanics to insert their hand and arm through the opening and perform necessary work or labor, and gain entrance to the automobile's engine and oil pan from beneath the automobile. The shield in question was defective, hazardous and dangerous in that the edge of the opening was so pressed or formed that it had a sharp knife-like cutting edge, which condition was concealed from view. Said Chevrolet was then sold to a named distributor of Columbus, Indiana, who sold it to William Weisner. On December 3, 1958 Weisner took the automobile to the distributor for repairs by having the engine's piston rings replaced, while plaintiff was employed by the distributor as a mechanic. He was assigned to the job. While plaintiff lay on his back underneath said automobile with his hand extended through said splash shield opening, removing fan pulley bolts and loosening connecting rod bolts with a socket wrench, his hand slipped from the wrench throwing the wrist of his right arm into and against the sharp dangerous and defective edge of said splash shield opening causing the wrist and tendons to be severely cut, and there was severance of the median nerve, flexor tendons of the hand, muscles, and arteries of the right arm. His right hand and arm have been permanently disabled and he has not been able to carry on his trade as a mechanic. Past and future loss of wages, and hospital and medical expenses are also alleged.

The complaint charges that these injuries solely and proximately resulted

---

Leon D. Cline, Columbus, Ind., Howard S. Young, Jr., Indianapolis, Ind., for appellant.

Hugh E. Reynolds, Lloyd H. Milliken, Jr., Indianapolis, Ind., for defendant-appellee; Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., of counsel.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Loraine Elliott, plaintiff, has appealed from an order of the district court dismissing his action for damages against General Motors Corporation, a Delaware corporation, thereby sustaining defend-

from the following negligent and careless acts and omissions of defendant, referred to as G.M.C.:

(1) G.M.C. negligently and carelessly assembled said defective splash shield with the edge of its opening in a sharp rather than blunt condition, knowing that said opening was designed for and would be used by mechanics, such as this plaintiff, in making various engine repairs, and when it further knew that the hands, arms and wrists of such mechanics would be in close proximity to said sharp and hazardous opening which would cause injuries thereby.

(2) At the time said automobile was sold by G.M.C., the opening of said splash shield had an extremely sharp edge and thereby was dangerous and unsafe for mechanics to use to gain access to the underneath side of the automobile engine, which was the purpose for which said shield and its opening was designed; and at that time G.M.C. knew, or by the exercise of ordinary care could have known, of said dangerous and unsafe condition of said splash shield, but wholly failed to notify and warn the purchaser of such defect.

(3) That G.M.C. negligently and carelessly manufactured and assembled said defective splash shield to said automobile, knowing that the opening thereon was designed for and would be used by mechanics and other persons, such as this plaintiff, in gaining access to the underneath side of the vehicle's engine in making various repairs thereto, and when said G.M.C. further knew that the hands, arms and wrists of such persons would be in close proximity to the sharp and hazardous opening of said splash shield and that the same was imminently dangerous and would cause injuries to the persons so using said opening.

(4) That G.M.C. knew, or by the exercise of ordinary care could have known, of the defective condition of said splash shield, and that G.M.C. carelessly and negligently sold and delivered said automobile when it was in such negligent defective condition as to be imminently dangerous to persons so using said splash shield and its opening.

(5) That G.M.C. carelessly and negligently failed to inspect said splash shield before assembling the same on said automobile when it knew that a splash shield, such as herein described, would be imminently dangerous to persons using the same.

(6) That G.M.C. distributed service manuals throughout the state to its service garages for use by mechanics, including one used by this plaintiff, instructing mechanics to use said splash shield opening in doing work such as this plaintiff was engaged [sic] at the time of his injury, wherein a picture was contained misrepresenting said splash shield by showing its edge to be blunt and safe for use, whereas it was in fact in a hazardous and unsafe condition imminently dangerous to persons using it as heretofore set out, and said G.M.C. having knowledge of all these facts, negligently and carelessly failed to notify this plaintiff, a mechanic at its said authorized service garage, of said dangerous and defective splash shield and warn against using its said opening as required by the instructions in said service manual.

In this court, defendant contends that, in Indiana, in order for one to recover for injury suffered as a result of the negligent manufacture of a product, he must prove that he is in *privity of contract* with the manufacturer, or that he is entitled to recover under one of the well-defined exceptions to the privity rule.

On the other hand, it is the theory of plaintiff that the question of liability arising from the negligent manufacture of products is not limited to the pres-

ence or absence of *privity of contract* between the injured party and the manufacturer, but rather is a matter of whether is it foreseeable that injuries would naturally and probably flow from the *negligence* charged.

■ 1. Neither party claims that plaintiff was in privity with defendant and such a claim would find no basis in the facts. Therefore, it is clear that we should not be diverted by any purposeless discussion of the law of privity from considering if we have here a simple case of a person who, according to the complaint, was injured by the tortious conduct of the defendant. It is elementary that a tort-feasor may be liable to anyone proximately injured by his negligent conduct, unless the latter is contributorily negligent. That the injured person may be an employee of one who has rights under contract or warranty against the tort-feasor is irrelevant in a suit by the injured person. The injured person might even be, for instance, a pedestrian or a traffic policeman.

The briefs are concerned with the applicability of the rule established by Justice Cardozo in the leading case of Mac-Pherson v. Buick Motor Co., 1916, 217 N. Y. 382, 111 N.E. 1050, L.R.A.1916F, 696.

In MacPherson, plaintiff was injured when an automobile in which he was riding suddenly collapsed, due to a defective wheel. He sued the manufacturer of the automobile on a charge of negligence. Plaintiff had bought the car from a retail dealer. The wheel had been made by another and sold to the manufacturer who failed to inspect it. The court said, at 1053 of 111 N.E.:

" * * * If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully. * * *

" * * * We have put aside the notion that the duty to safeguard life and limb, when the consequences of negligence may be foreseen, grows out of contract and nothing else. We have put the source of the obligation where it ought to be. We have put its source in the law."

It is clear that in MacPherson no reliance was placed by the court upon the privity rule.

A conflict exists between the parties to this suit as to whether MacPherson has been adopted as the law in Indiana. Defendant insists that it has not and, for its authority, relies on Travis v. Rochester Bridge Co. (1919), 188 Ind. 79, 122 N.E. 1, and Laudeman v. Russell & Co. (1910), 46 Ind.App. 32, 91 N.E. 822, which according to defendant's brief adopted a rule of law stated by an English court 119 years ago [Winterbottom v. Wright (1842), 10 Mees & W 109, 152 Eng. Reprint 402]. However, plaintiff contends that, by court decisions as recent as 1938 and 1941, Indiana approved the rule in MacPherson and that MacPherson is applicable to the case at bar. This conflict we must resolve.

MacPherson was cited approvingly in Coca Cola Bottling Works of Evansville v. Williams (1941), Appellate Court of Indiana, *en banc*, 111 Ind.App. 502, 37 N.E.2d 702, 706, and its holding was in effect approved by a reference to the "imminently dangerous" rule in Holland Furnace Co. v. Nauracaj (1938), 105 Ind. App. 574, 14 N.E.2d 339, 342. In each of these two cases a petition to transfer was denied by the Indiana Supreme Court. The effect thereof is that the conclusions reached by the Appellate Court were approved by the Supreme Court. Smith v. State, 169 Ind. 260, 82 N.E. 450, 451, citing the second clause of section 1337j, Burns' Ann.Stat. 1901, now Burns' Ind.Stat.Ann. (1933), 1946 Replacement, § 4–215, p. 1122. This result has been emphasized by the Wiscon-

sin Supreme Court which, in the 1961 case of Wojciuk v. United States Rubber Co. et al., 13 Wis.2d 173, 108 N.W.2d 149, considered, *inter alia,* a cause of action alleged against Phillips Petroleum Company, based upon the blowing out of a Phillips tire in Indiana, causing plaintiffs' automobile to overturn and injure them. The tire was purchased in Wisconsin. The issues of warranty were governed by the law of Wisconsin and the issues of negligence were governed by the law of Indiana.

The court held, 108 N.W.2d at 154, 155, that the Indiana subordinate courts

" * * * with at least the tacit approval of the Supreme Court, have not followed the Travis expression of Indiana law. * * *

" * * * Availing ourselves of that freedom, we conclude that Indiana law does not now require it essential to liability in such circumstances that there be privity of contract between the negligent manufacturer and the party injured by the negligence."

As to Laudeman v. Russell, supra (decided prior to MacPherson), if it be assumed that it is contrary to Coca Cola (1941) and Holland Furnace Co. (1938), supra, of course these two later decisions prevail. It is not claimed that the conclusions reached in either Travis or Laudeman have been approved by the Indiana Supreme Court. Instead, we are urged by defendant to consider our holding in Gahimer v. Virginia-Carolina Chemical Corp., 7 Cir., 241 F.2d 836, 840, as buttressing defendant's reliance on Travis and Laudeman. However, from our examination of our opinion in Gahimer, as well as the briefs filed in this court in that case, it is clear to us that the effect of the approval by the Indiana Supreme Court of the results reached by the Appellate Court in the Coca Cola and Holland Furnace Co. cases, as above pointed out, was not brought to our attention in Gahimer and we were left with Travis as the last statement of pertinent Indiana law. Hence we used the language in Ga-

himer, 241 F.2d at 841, now quoted by defendant in its brief, when we said,

"In Travis v. Rochester Bridge Co., 188 Ind. 79, at page 84, 122 N.E. 1, at page 2, the latest decision *of which we are aware* by the Supreme Court of Indiana on this issue, the court stated: * * *". (Italics supplied.)

But, in the case at bar, the Indiana law has been more fully briefed than in Gahimer and we have been made aware of the position of the Supreme Court of that state as established by its denial of transfer of the Coca Cola and Holland Furnace Co. cases which were decided about 20 years after Travis and about 30 years after Laudeman.

Our late colleague, Judge Lindley, when sitting in the district court, applied Indiana law to a complaint in a negligence case before him, saying, in McCloud v. Leavitt Corporation, D.C. (1948), 79 F.Supp. 286, 291:

" * * * As I have said, in a tort action as I think the Indiana courts now look at it, the question is not whether there must be necessarily privity of contract but whether plaintiff has charged negligence which it might reasonably have been foreseen, would naturally and probably result in injuries to third persons. * * *"

We hold that the rule of MacPherson applies to this case. It is our conclusion that, under Indiana law, plaintiff has charged actionable negligence against defendant and that, if the charge is traversed, a jury question will be presented. See Gahimer, supra, 241 F.2d 843.

2. Defendant contends that the action of the district court in dismissing the complaint can be sustained on the ground that, as a matter of law, plaintiff was guilty of contributory negligence. Whether plaintiff was guilty of contributory negligence is a question of fact which should be submitted to a jury, as a matter of defense. We do not under-

stand that the district court held otherwise.

For the reasons herein stated, the order of the district court from which this appeal was taken is hereby reversed and this cause is remanded to that court for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded with directions.

KNOCH, Circuit Judge (dissenting).

Regretfully, I dissent. It seems to me that in applying, to this case, the rule established in MacPherson v. Buick Motor Co. (1916), 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696 the majority have unduly extended that rule. In MacPherson, Judge Cardozo stated (111 N.E. at page 1053):

> " * * * If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully. That is as far as we are required to go for the decision of this case. There must be knowledge of a danger, not merely possible, but probable. It is possible to use almost anything in a way that will make it dangerous if defective. That is not enough to charge the manufacturer with a duty independent of his contract."

In Cohen v. Brockway Motor Truck Corporation, 240 App.Div. 18, 268 N.Y.S. 545 (1934) the majority of the court was unwilling to extend the MacPherson rule to cover a defective truck door handle which gave way, causing a passenger to fall through the suddenly opened door and under the truck.

In my opinion, plaintiff in the matter before us has not stated facts which bring his case within the scope of MacPherson. I would affirm the order of the District Court.