## Coca-Cola Bottling Company *v.* McBride.

Opinion delivered October 21, 1929.

*Edward B. Klewer, Sam Costen* and *Wils Davis*, for appellant.

*W. B. Scott*, for appellee.

Humphreys, J. This is an appeal from a judgment for $750, rendered in the circuit court of Crittenden County in favor of appellee against appellant, in an action based upon the alleged negligence of appellant in bottling and selling coca-cola which contained a poisonous substance.

Appellant contends for a reversal of the judgment upon the alleged ground that there is no substantial evidence in the record showing that appellant was negligent in bottling the coca-cola.

Appellee, who was clerking in a store owned by David Swartz, in the town of Earl, at the instance of her employer went to David Haddad's cold drink stand, about 150 feet from the Swartz store, to buy several bottles of coca-cola, which, by agreement of the parties to the suit, had been manufactured by appellant at its bottling plant at Wynne, Arkansas. She bought two or three bottles, which were opened by Haddad and handed to her, whereupon she immediately returned with them to the store. Appellee testified that, when she returned to the store, she drank a part of one bottle, and stopped, because she swallowed a hard substance; that, looking into the bottle, she saw an open safety pin, and something black; that she poured the balance of the coca-cola out into her hand, and found that it contained a black sediment; that what she drank poisoned and nauseated her in a few moments; that a physician was called, who took her home in his car; that, after being helped out of the automobile and assisted into the house and ordered to bed by the physician, she entered the bathroom, became dizzy, fell, and injured her back; that the following two or three days she suffered greatly from nausea, and more or less from the same cause for a week; that thereafter she was very nervous, and that since the fall she had suffered continuously with pains in her back.

She was corroborated in the testimony in all particulars by Mr. Swartz until the physician took her away from the store, and by the physician who took her home, in the remainder of her testimony, except as to the fall in the bathroom.

Appellant introduced testimony to the effect that the safety pin would not have poisoned the coca-cola, and that it and the black substance or sediment could not have been in the old bottle before being refilled under the

system employed by it in cleansing, sterilizing and inspecting its bottles before refilling them, nor could have entered the bottle during the process of refilling and inspection thereof, under the period and plan used by them.

If the theory of appellee and the testimony introduced by her in support thereof were true, the only opportunity for the safety pin and black substance to have entered the bottle was either before the bottle was refilled or during the process of refilling same before the bottle was capped.

If the theory of appellant and testimony introduced by it in support thereof were true, then the safety pin and black sediment either dropped in or was put in the bottle by some one after it was opened. This presented an issue of disputed fact for the jury to determine, and, according to the verdict, the jury necessarily found that the safety pin and black sediment were either in the bottle when refilled, on account of the negligence of appellant's employees to properly cleanse or inspect it, or else that both the safety pin and sediment found their way into the bottle during the process of refilling same, through the negligence of its employees engaged in the work, or their failure to properly inspect the bottle before putting it on the market.

The testimony introduced by appellee was sufficient to make a *prima facie* case, and shifted to appellant the burden of proving that there was no negligence in cleansing and refilling the bottle with coca-cola. The law imposed the duty upon appellant to clear itself of the charge of negligence by showing that ordinary care was observed in cleansing and refilling the bottle with coca-cola, and proof that the most modern machinery was used in the process of cleansing and refilling the bottles, and that its plan and system was to exercise every precaution in doing so, and to inspect every bottle, was not sufficient alone to meet the burden and overcome the *prima facie* case. If the plan for and system of cleansing and refilling bottles was perfect, as testified to by appellant's wit-

nesses, who were experts in the business, then the only way for the safety pin and the dark substance to have got into the bottle was on account of the negligence of its employees in cleansing or refilling same, provided that it did not get into the bottle after the cap was removed. The jury, as stated above, necessarily found by their verdict that the safety pin and dark substance did not drop in and were not put in after the cap was removed, and, having done this, they might have drawn the reasonable inference, and doubtless did, that the foreign substances found their way into the bottle before or during the time same was being refilled, through the neglect or oversight of some employee or employees of appellant.

Appellant also contends for a reversal of the judgment because the injury to appellant's back was not the immediate or direct result of drinking a part of a bottle of the coca-cola in question. According to the testimony of appellee, the coca-cola she drank poisoned her to such an extent that she became nauseated and very sick, resulting in a dizziness that caused her to fall and injure her back, immediately after reaching home, where she had been taken by the physician who attended her. No great length of time elapsed after appellee felt the effect of drinking the coca-cola, and before she fell. Only the necessary time intervened for her to be taken from the store to her home in an automobile. The record is silent as to any intervening cause that produced the dizziness which resulted in the fall and injury. The fall and consequent injury seem to have been the ordinary and natural result of drinking the coca-cola, and cannot be reasonably attributed to any other cause. We think the testimony in the case warranted the jury in finding that the proximate cause of the injury complained of was the result of drinking part of the bottle of coca-cola in question.

No error appearing, the judgment is affirmed.