PENNSYLVANIA RAILROAD COMPANY *v.* BOYD.

[No. 14,394. Filed March 29, 1933. Rehearing denied June 30, 1933. Transfer denied April 17, 1934.]

440

*John Rynerson, Lloyd C. Bryer, Donald P. Shinn, Edward P. Elsner, Anderson, Mayfield & Rynerson,* and *Rynerson, Shinn & Sharpnack* for appellant.

*Montgomery & Montgomery,* for appellee.

SMITH, J.—Appellant appeals from a judgment in the lower court awarded against it for damages to appellee and appellee's automobile by reason of collision with a passenger train of appellant at a highway crossing in the incorporated town of Crothersville, Indiana. The complaint was in two paragraphs: the first, for personal injuries; and the second, for damages to appellee's automobile. Both paragraphs were joined in one complaint and both alleged the same acts of negligence; namely, the violation of speed ordinance of eight miles per hour, failure to sound the statutory signals, failure to cause electric alarm bell at the highway crossing to be rung as the train approached.

Judgment was awarded upon the verdict against appellant, and motion for new trial, which was seasonably filed, was overruled.

Appellant filed a motion to make both paragraphs of complaint more specific, and also addressed a demurrer thereto. Both were overruled and exceptions reserved.

The errors relied upon for reversal and presented by appellant are:

(1) Overruling of appellant's motion to make the first and second paragraphs of complaint more specific;

(2) overruling appellant's demurrer to complaint;

(3) overruling appellant's motion for new trial;

The grounds for a new trial presented by appellant and not waived are:

(1) giving of instruction number 1 requested by appellee;

(2) refusal to give appellant's instruction number 29;

(3) refusal to give appellant's instruction number 31;

(4) the verdict is not sustained by sufficient evidence;

(5) the verdict is contrary to law.

We will notice the questions raised by appellant in their order.

The overruling of appellant's motion to make both paragraphs of complaint more specific is not reversible error. The particulars in which appellant asked that the complaint be made more specific pertain chiefly to the question of contributory negligence. Contributory negligence is a defense as to actions for personal injuries, and the facts pertaining thereto need not be set out in the complaint. The appellee was required to state in his complaint only the facts sufficient to constitute a cause of action against the appellant. "It is only where it affirmatively appears from the record that the complaining party has been harmed that the action of the court in overruling a motion to make more specific is reversible error." *Clawson* v. *Black* (1923), 80 Ind. App. 111, 112, 138 N. E. 362; *Cleveland, etc., R. Co.* v. *Wolf, Admr.* (1920), 189 Ind. 585, 589, 128 N. E. 38. It is not shown that appellant was harmed by the overruling of this motion.

Appellant attempted to raise by a demurrer the question that the two causes of action in the first and second paragraphs of complaint were improperly joined. There is some question as to whether the assignment of errors raises this question. Under our

statute, however, no reversal can be had for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action. 1 Burns 1926, Section 364, §2-1009, Burns 1933, §113, Baldwin's 1934.

Appellant challenges the first paragraph of complaint by demurrer in that it does not contain any allegation "that the alleged negligence of defendant was the proximate cause of plaintiff's injuries."

Though the first paragraph of complaint does not contain the direct allegation that the negligence of appellant was the proximate cause of appellee's injuries, it does contain the statement "that the collision between defendant's said locomotive and train of cars and plaintiff's truck threw plaintiff out and upon the ground with great force and violence . . ." It is also alleged in this paragraph of complaint that the collision was caused by appellant's negligence, and that appellant negligently ran its locomotive engine and train of cars over said street crossing and over and upon plaintiff's truck, thereby causing the injury to appellee. This paragraph of complaint avers that the negligence of appellant was the proximate cause of plaintiff's injuries.

Under the assignment overruling appellant's motion for a new trial, appellant complains of the giving of instruction number 1 requested by appellee, and says that this instruction is erroneous in that it is mandatory, and fails to take into account whether appellee was guilty of contributory negligence or not. Instruction number 1 advises the jury of the nature of action, and sets out in full both paragraphs of complaint; then tells the jury that the defendant answered by a general denial. The instruction concludes, "Under the issues thus formed, the burden is upon the plaintiff to prove the material allegations of his complaint by a preponderance of the evidence before he would be entitled to a verdict at your hands." We

think this instruction is not open to the objection raised by appellant. It is not mandatory, but advises the jury of the issues presented by the complaint and the burden of proof. Appellant says that this instruction disregards the element of proximate cause. The jury was sufficiently instructed in other instructions upon this subject, and the lower court is not required to set out all of the law in one instruction. The instructions must be taken as a whole.

The action of the court in refusing to give instruction number 29 tendered by appellant is questioned. Appellant complains that this was the only instruction tendered on the question of appellee's "duty as to looking before and after he reached obstructions to his view"; and that it was reversible error to refuse it. The proposition stated in this instruction was covered by the court in instructions numbers 18, 20, 21, 23, 24, 25, 26, 27, and 30, all of which were tendered by appellant, and had to do with the duty of the appellee in the exercise of ordinary care when approaching this railroad crossing. The law does not require appellee to look and listen at any particular place for approaching trains, but it does require him to use reasonable care in selecting a place to look and listen where it will avail. *Waking* v. *Cincinnati I. & W. R. Co.* (1919), 72 Ind. App. 401, 125 N. E. 799. The rule is well settled that it is not error to refuse an instruction, although it may have been a proper instruction, if it has been covered by other instructions given. It is also the rule that instructions given must be construed as a whole. When we apply these rules to instruction number 29, there was no error in refusing it.

Instruction number 31 tendered by apellant and refused is based upon the doctrine announced in the case of *B. & O. R. Co.* v. *Goodman* (1927), 275 U. S. 66, 72 L. Ed. 167. Neither this court nor the Supreme Court of this state has followed the

rule laid down in the Goodman case. Our courts have not gone to the extent of holding that the traveler is guilty of contributory negligence as a matter of law when he has failed to stop, and that it is his legal duty to stop at railroad crossings; nor have they held that if he failed to do this, that he assumed the risk. There are times when a traveler upon approaching a railroad crossing might be required to stop in order to exercise ordinary care for his own safety. Our law adheres to this proposition—Did the traveler exercise ordinary care for his own safety in attempting to cross the railroad track? There was no error in refusing to give the instruction number 31.

Appellant raises the questions that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law. Under these assignments, he urges that the appellee was guilty of contributory negligence in attempting to cross this railroad track. In passing upon this question, whether appellee was guilty of contributory negligence, which would defeat his recovery, or not, we can only look to the evidence most favorable to appellee. It has been said so many times that we do not weigh the evidence when there is a conflict that it is not necessary to cite authorities to this point. The facts from appellee's standpoint are that he tried to cross this railroad track in an incorporated town at a public street crossing while he was going in a westerly direction, shortly after 6 a. m. on May 31, 1929. It was daylight at that time. The train was running about fifty miles per hour, coming from the north. There was some obstruction to the appellee's view in the direction from which the train came. An ordinance was in force in Crothersville limiting the speed of trains to eight miles an hour. Appellant maintained an electric crossing bell as a warning to travelers. Appellee's evidence is that this bell was not ringing and that the trainmen did not sound the statutory sig-

446

nals. Appellee had the right to presume that the signal bell at the crossing would be ringing; and, in determining whether or not appellee was guilty of contributory negligence, the jury had the right to take into consideration such presumption. *Chicago, etc., R. Co.* v. *Latta* (1929), 91 Ind. App. 102, 166 N. E. 297. Appellee says that at several different places he looked in both directions and listened when he approached this crossing.

Having in mind that the appellee looked in both directions, and that appellant's train was being operated at fifty miles per hour, in excess of the speed limit fixed by ordinance; and that the electric warning bell maintained at the crossing was not ringing as the appellee approached, we hold that under the facts and circumstances in this case the question whether appellee was guilty of contributory negligence was a question of fact to be determined by the jury.

The verdict is sustained by sufficient evidence, and is not contrary to law.

Judgment affirmed.