CocA-CoLA BOTTLING COMPANY *v.* STRATHER.

4-4367

Opinion delivered July 13, 1936.

*Lyle Brown, J. H. Lookadoo,* and *Rowell, Rowell & Dickey,* for appellant.

*Fletcher McElhannon,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of $250, rendered in the circuit court of Clark county, in favor of appellee against appellant, in an action based upon the alleged negligence of appellant in bottling and selling Coca-Cola, which contained a poisonous substance, or, more particularly, a spider.

Appellant contends for a reversal of the judgment on the grounds:

First, that the evidence was not sufficient to support the verdict.

Second, that instructions, especially No. 4, given by the court, were prejudicial.

Third, that the court erred in not permitting appellant to call Dr. Bourland as a witness.

And, fourth, that the verdict was the result of passion and prejudice and inconsistent with the other verdicts rendered in the case.

The suit sought to recover $10,000 for Mildred Strather, $3,000 for her father on account of the expenses incurred by him in caring for her when ill and the loss of her services, and $5,000 for M. C. Caruthers. The case was submitted to a jury upon the pleadings, the testimony adduced by the respective parties, and instructions of the court, which resulted in a verdict in favor of appellant as to W. J. Strather and M. C. Caruthers, and a verdict in favor of appellee for $250. No appeal was taken by W. J. Strather and M. C. Caruthers.

The evidence introduced by appellee was, in substance, as follows: Caruthers bought a bottle of Coca-Cola from a merchant in Arkadelphia by the name of James Waldron, who decapped it for him and, after he took a swallow or two, he handed it to Mildred, who took two or three swallows, who handed the bottle to Miss

Fagan, who discovered a decayed or rotten spider in the bottle before drinking any out of it. The merchant poured the remaining contents in a glass and spread out the spider, and one of its legs came off. All the witnesses who were present when the bottle was decapped testified that the spider did not get in the bottle from the time it was decapped until it was discovered. The part of the contents of the bottle drank by Caruthers caused him to get sick in ten or fifteen minutes and to suffer from nausea at short intervals for three or four weeks, and caused him to suffer from pains and cramps in his stomach. The portion drank by Mildred Strather in about fifteen minutes caused her to suffer from nausea, pains and cramps. She vomited up one of the legs of the spider. Dr. Bourland was called in and treated her, but did not continue to administer to her because her father had no money to pay him. Dr. Bryant was then called in and treated her until the time of the trial. He testified that the condition could have been caused by the poison from a spider. Her stomach was irritated, and she could not retain food. She remained in bed most of the time and could not work and during the interval from the time she drank from the bottle of Coca-Cola until the trial she lost in weight from 122 pounds to 101 pounds.

The testimony introduced by appellant was to the effect that its plant in Camden, where the bottle of Coca-Cola from which appellee drank was bottled, was perfect in all its equipment, consisting of the latest and most improved machinery, and that under its system of manu-facturing Coca-Cola and its rigid and careful inspection of their bottles, that it was impossible for foreign matter to have gotten into the bottle and that had a spider been in the bottle, it would not have poisoned any one.

According to the theory of appellee and the testi-mony introduced by her, the only opportunity for the spider to have gotten into the bottle was before or during the process of bottling same and before it was capped.

According to the theory of appellant and the testi-mony introduced by it, the spider entered the bottle after it was decapped.

The testimony introduced presented issues of fact for determination by the jury. Appellant is bound by the adverse finding of the jury.

The testimony introduced by appellee was sufficient to make a *prima facie* case of negligence against appellant, and the showing made by appellant was not sufficient, as a matter of law, to overcome the *prima facie* showing of negligence. On this point, the instant case is ruled by the case of *Coca-Cola Bottling Co.* v. *McBride*, 180 Ark. 193, 20 S. W. (2d) 862.

Instruction No. 4, assailed by appellant, is as follows: "If you find for the plaintiff, Mildred Strather, you will assess her damages at such sum as will compensate her for her bodily injuries which she has sustained, if any, as a result of drinking the Coca-Cola; the physical pain and suffering, if any, which she has endured, or which she may suffer in the future as a result of her injuries, if any; the mental anguish which she has suffered, or may suffer in the future, if any; and the effect of the injury on her health according to the degree and probable duration of same, if any."

The defect claimed is that the words "if any" appearing throughout the instruction, do not necessarily call attention to the jury that its finding must be founded on the evidence and based on a preponderance thereof. The words "if any" refer to a preponderance of the evidence mentioned in the first part of the instruction. The jury could not have misunderstood to what the words referred and certainly must have understood that in reaching a verdict they must be governed by the evidence in the case. Not only in instruction No. 4, but in instructions Nos. 5, 6 and 7, given at appellant's request, the jury was told that any finding they made for plaintiff (appellee) must be based on the evidence. Again, if appellant, by specific objection, had suggested that the words "if any" might not confine the jury to the evidence in the case, and had suggested that the phrase "if any as shown by the evidence" be substituted for the words "if any," the court would have promptly made the substitution. No prejudice did or could have resulted to appellant in giving instruction No. 4 as worded, be-

cause, when considered with the other instructions, no other meaning could have attached to the words "if any" than they meant "if any as shown by the evidence."

At the close of all the testimony, appellant announced that it wanted to introduce Dr. Bourland to show that appellee's trouble was poison in the blood and not the result of drinking from the bottle of Coca-Cola. Dr. Bourland gained what information he had from appellee when he was her physician. There had been some disagreement between Dr. Bourland and appellee. She had gotten another physician when he refused to longer attend upon her. She objected to him being introduced as a witness on the ground that her relationship with him was confidential and privileged, and her objection was sustained by the trial court. His testimony was privileged and was inadmissible. Appellant argues, however, that the communications appellee had made with Dr. Bourland were waived by appellee's own testimony in the case. When cross-examined by appellant's attorney, appellee had denied that Dr. Bourland told her that the spider in the Coca-Cola bottle did not cause her trouble, but that her stomach trouble was due to other causes. She said Dr. Bourland told her he was treating her for poison in the stomach. Under the rule of evidence, appellant was not permitted to call Dr. Bourland, appellee's own physician, to contradict on matters it had brought out on cross-examination. *Missouri & North Ark. Ry. Co.* v. *Daniels,* 98 Ark. 352, 136 S. W. 651. She did not waive the privileged communication between herself and Dr. Bourland by answering questions prepounded to her on cross-examination.

Appellant contends that the verdict in favor of appellee was inconsistent with the verdicts rendered against her father and Caruthers, and being returned on the same or identical evidence, must be reversed. This is not the rule. A verdict inconsistent with others is not cause for reversal if there is sufficient substantial evidence to support the verdict sought to be reversed. This insistence is concluded by the cases of *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. (2d) 49; *Smith* v. *Arkansas Power & Light Co.,* 191 Ark. 389, 86 S. W. (2d) 411; and *Green* v. *West*

*Memphis Lumber Co.,* (Ark.), 91 S. W. (2d) 261. It is also argued that the verdict is the result of passion and prejudice, but there is no merit in this contention when the small amount of the verdict is considered along with the fact that the jury returned two verdicts in favor of appellant.

No error appearing, the judgment is affirmed.