COCA COLA BOTTLING WORKS OF EVANSVILLE, INC.
v. WILLIAMS

[No. 16,523. Filed December 5, 1941. Rehearing denied April 15, 1942. Transfer denied May 18, 1942.]

504

*LaFollette & McCray* and *F. Bayard Culley, Jr.*, all of Evansville, for appellant.

*Arthur F. Denton* and *Winfield K. Denton,* both of Evansville, for appellee.

CURTIS, J.—This was an action brought by the appellee against the appellant to recover damages for injuries alleged to have been sustained by the appellee in drinking a bottle of Coca Cola, bottled by the appellant, containing a foreign substance, to wit, concrete, which, it is charged, was permitted to be in the bottle through the negligence of the appellant.

The complaint was in two paragraphs, each paragraph alleging a cause of action for negligence causing alleged injuries to the appellee. A motion was filed by the appellant to strike out the first paragraph of the complaint, which was overruled with an exception. The issues were closed by an answer in general denial to each paragraph of complaint.

The trial was before a jury, resulting in a verdict for the appellee against the appellant in the sum of Three Hundred Fifty ($350.00) Dollars. The appellant then filed a motion for new trial, which was overruled with an exception. A judgment was then rendered upon the verdict and in accordance therewith.

The error relied upon for reversal is that the court erred in overruling the appellant's motion for new trial.

The causes or grounds of the motion for new trial, which are duly presented to this court, are:

That the verdict of the jury is not sustained by sufficient evidence and is contrary to law; alleged error in the giving to the jury the court's own instruction numbered 6, which is as follows:

> "The court instructs you that the plaintiff charges in each paragraph of her complaint that on or about the third day of December, 1937, the defendant carelessly and negligently failed to properly clean one of its empty bottles and thereafter carelessly and negligently failed to inspect the same, and that thereafter, the said bottle was carelessly and negligently filled with Coca Cola by the defendant, and that thereafter the said defendant carelessly and negligently failed to inspect the bottle.
>
> "In order for the plaintiff to recover, the plaintiff must prove these allegations of negligence by a fair preponderance of the evidence, and if you find from a fair preponderance of the evidence that the defendant in the cleaning, filling and inspecting of the bottle involved in this case used ordinary care, the plaintiff cannot recover in this action and your verdict should be for the defendant.
>
> "And in determining whether the defendant used ordinary care you may take into consideration whatever the evidence shows as to methods and custom used in cleaning, filling and inspecting bottles by other well managed concerns in other or similar businesses in the City of Evansville, and such evidence may be considered by you as well as all other evidence bearing upon the issues of this case."

alleged error in the giving of plaintiff's (appellee's) tendered instruction numbered 7, as follows:

> "The court instructs the jury that reasonable and ordinary care is that degree of care which a person of ordinary prudence is presumed to use and exercise under the particular circumstances to avoid injury and it must have been in proportion

to the danger to be avoided and the consequences involved in its character and apparent at the time and this is the degree of care which the defendant must have exercised in order to be absolved of the charge of the negligence in this action.

"The court further instructs the jury that if you find from a fair preponderance of the evidence that the defendant acting by and through its servants and agents, within the scope and course of their employment, did not exercise that degree of care which an ordinarily prudent person would have exercised under the same or similar circumstances and the plaintiff was injured by reason thereof all substantially as charged in plaintiff's complaint, and if you further find that the plaintiff herself was guilty of no negligence or fault contributing to her injuries, and the plaintiff has proven by a fair preponderance of the evidence all other material allegations of her complaint, then under such circumstances your verdict should be for the plaintiff."

alleged error in refusing to give each of instructions numbered 2, 11, and 13, tendered by the defendant (appellant), which we now set out:

"I instruct you that the plaintiff in this case cannot recover merely upon the showing of illness resulting from drinking Coca Cola. Negligence is not to be presumed from the mere occurrence of the illness resulting from some foreign matter in the Coca Cola. It is the law in Indiana that where an event takes place, the real cause of which cannot be traced, or is at least not apparent, it ordinarily belongs to that class of occurrences which are designated as purely accidental, and in such case, the plaintiff cannot recover.

"I, therefore, instruct you that in order for the plaintiff to recover in this case, she must show by a preponderance of the evidence, that the defendant, Coca Cola Bottling Works of Evansville, Inc., is guilty of negligence as charged in the complaint and that such negligence was the proximate cause of the accident."

.   .   .

"If you find from a preponderance of the evidence that the plaintiff became ill as the proximate result of drinking from a bottle of Coca-Cola, bottled by the defendant, as a result of the bottle containing concrete, and you further find from a preponderance of the evidence that all the reasonable inferences, as to the cause of the bottle of Coca-Cola containing concrete, have been excluded with the exception of the inference that the bottle was negligently cleaned, filled and inspected by the defendant, then I instruct you that there is an inference that the defendant was guilty of negligence in cleaning, filling and inspecting the bottle of Coca-Cola and the burden is then placed upon the defendant of proving by a preponderance of the evidence that it used due care and diligence in the conduct of its business in the cleaning, filling, and inspecting of its bottles of Coca-Cola, and in that event, if you find from a preponderance of the evidence that the defendant used due care and diligence in the cleaning, filling and inspecting of its bottles, then I instruct you that the inference of negligence on the part of the defendant is rebutted and done away with and the burden of going forward with the evidence is shifted back to the plaintiff and the plaintiff then to recover must prove by a preponderance of the evidence the negligence as charged in the complaint without any benefit of an inference or presumption of negligence on the part of the defendant."

• • •

"I instruct you that it is the law in Indiana that the custom and usages of well-appointed and well managed concerns in a business, or with respect to a particular matter under investigation, are competent evidence for you to consider on the question of care and diligence required in the proper conduct of such business or in the performance of the particular act under consideration so in this case I instruct you that if you find that any evidence was introduced in this case on the custom and usages of bottling plants in this community in the cleaning, filling and inspecting of the bottles you are to consider such evidence together with all the other evidence introduced in the case on

the question of whether or not the defendant Coca-Cola Bottling Works of Evansville, Inc. used due care and diligence in the cleaning, filling and inspecting of its bottles.

"No man is held to a higher degree of skill or care than a fair average of his trade or profession, and the standard of due care is the conduct of the average prudent man. If the cleaning, filling and inspecting of the bottles by the defendant Coca Cola Bottling Works of Evansville, Inc. was made in the usual and ordinary way, the way commonly adopted by well-kept and well managed bottling concerns in like business in this community, it cannot be held that the defendant Coca Cola Bottling Works of Evansville, Inc. was negligent and failed to use due care and diligence in the cleaning, filling, and inspection of its bottles, unless you further find that the usual and ordinary way of doing business in Evansville, Indiana, adopted by like businesses and this defendant was in fact negligent."

alleged error in two rulings of the court in refusing to permit two witnesses to answer a question propounded to each. These questions are respectively as we now set forth:

"'I will ask you whether or not the washing machinery, filling machinery and bottling machinery used by the defendant corporation on December 3, 1937, and for a month prior thereto was equal to the standard of efficiency used by bottlers generally of soft drinks in the City of Evansville, Indiana?' To which question, the plaintiff objected and before the court's ruling, the defendant made its offer to prove that the answer would be 'Yes.' The court then sustained the objection and gave the defendant an exception."

. . .

"'I will ask you whether or not as a result of your inspections and your knowledge, the methods used by the defendant, the Coca-Cola Bottling Works of Evansville, Indiana, in bottling soft drinks during the period intervening between your

inspections were those usually and customarily used by the bottlers of soft drinks in the City of Evansville, Indiana?' To which question the plaintiff objected and before the ruling of the court the defendant made an offer to prove that the witness would testify in response to the said question, if permitted to do so, as follows: 'Yes, the methods used by the defendant, Coca-Cola Bottling Works of Evansville, Indiana, in bottling soft drinks during the period covered by the witness's inspection were those usually and customarily used by bottlers of soft drinks in the City of Evansville, Indiana.' "

The controlling facts herein are not in dispute. There was evidence before the jury tending strongly to show that on December 3, 1937, the appellee went into the Lincoln Grille, in her city, and ordered a bottle of Coca Cola, and that upon drinking about three-fourths of the contents of the bottle served to her, she noticed a bitter taste and noticed that her throat had been scratched. Little round pieces of some foreign substances, later determined to be concrete, were found to be present in said bottle of Coca Cola. The appellee's sickness immediately followed as a result of drinking the particles of concrete. This sickness was of sufficient severity to make it necessary for the appellee to remain in bed for approximately two weeks, to lose several months of work and to feel the effects of her sickness up to the time of trial and to result in nervous gastritis, which under some of the evidence may lead to gastric ulcers and cancer, and possibly death. The evidence was substantially without conflict to the effect that the concrete was in the bottle from which the appellee drank. There was evidence which was practically undisputed that that particular bottle of Coca Cola was received by the Lincoln Grille from the appellant in a sealed con-

dition, and that the bottle was not uncapped until the time immediately prior to the time it was served to the appellee and was in the same condition in which it was received from the appellant by the Lincoln Grille. The evidence tends strongly to show that no third party had any opportunity to tamper with said bottle of Coca Cola, and there was evidence that the cleaning, filling, bottling and inspection of Coca Cola sold by the appellant to its customers, including this Coca Cola, was under the sole control of appellant. Under this evidence, we think the jury was fully warranted in concluding that the concrete which was found in the bottle was in the bottle when it left the appellant's plant, and that the inspectors failed to see and remove it. See *Cleveland, etc. R. Co.* v. *Hadley* (1908), 170 Ind. 204, 84 N. E. 13; *Kickels* v. *Fein* (1938), 104 Ind. App. 606, 10 N. E. (2d) 297. The presence of foreign matter or injurious substances in food or bottled goods for human consumption has frequently given rise to the application of the rule of *res ipsa loquitur*, at least to the extent of fastening upon the manufacturer or bottler of the goods the responsibility of permitting such substances to be in such food or bottled goods, and where such foreign matter or injurious substances are further shown by the evidence, as in the instant case, to have been the proximate cause of the injuries, then the liability of such manufacturer or bottler of goods has been upheld. See *Fisher* v. *Washington Coca-Cola Bottling Works* (1936), 84 F. (2d) 261, 105 A. L. R. 1034, and the numerous cases therein cited. Under similar facts, some of the cases have held that there is an implied warranty on the part of the manufacturer that its product does not contain said substances.

The appellant in the instant case produced a great deal of evidence as to the character and quality of the

appellant's bottling works, and that it employed inspectors to inspect the bottles before and during the filling process and after they had been filled. Many pages of the transcript are devoted to this character of evidence. The two witnesses who were not permitted to answer the question propounded to each of them, as set out in the said motion for new trial heretofore, were during their examination as witnesses asked and permitted to answer questions substantially the same as those set out in the motion. We see no reversible error in the ruling of the court excluding the evidence complained of particularly when it is to be remembered that this same subject-matter had been fully covered by the appellant's other evidence, and by these two witnesses. This evidence would amount substantially to no more than repetition of the evidence of these two witnesses. The appellant suggests that since the article sold was not "inherently dangerous" that the appellant would not be liable to the appellee because there was no privity of contract between the appellee and the appellant. The original rule on this matter has been greatly restricted in the later decisions. See *McPherson* v. *Buick Motor Co.* (Cardozo) (1916), 217 N. Y. 382, 111 N. E. 1050; Annotated Cases 1916 C 440; see also 13 Ind. Law Journal 85; *Holland Furnace Co.* v. *Nauracaj* (1938), 105 Ind. App. 574, 14 N. E. (2d) 339; see also 17 A. L. R. 683, and the numerous citations therein. The rule now in the best reasoned cases is that the manufacturer of foods or bottled goods sold for human consumption may be held liable to the ultimate consumer for injuries caused by foreign deleterious substances in such goods regardless of whether or not there was privity of contract between them. See *Fisher* v. *Washington Coca-Cola Bottling Works* (1936), 84 F. (2d) 261; 105 A. L. R.

1034, and the cases cited therein; see also *Ford* v. *Sturgis* (1926), 56 App. D. C. 361, 14 F. (2d) 253, 52 A. L. R. 619, where the exception to the general rule requiring privity of contract is stated as to articles manufactured and sold for human consumption. See also *Rozumailski* v. *Philadelphia Coca-Cola Bottling Co.* (1929), 296 Penn. 114, 145 A. 700; also *Coca-Cola Bottling Co.* v. *McBride* (1929), 180 Ark. 193, 20 S. W. (2d) 862. Many additional authorities could be cited throughout the country in which the rule above stated has been applied.

It is our conclusion that the verdict of the jury is sustained by sufficient competent evidence, and that it is not contrary to law. It should, therefore, stand, unless this verdict was injuriously affected by error or errors of law occurring at the trial and complained of by the appellant. This leads us to a consideration of the alleged errors as to instructions. As heretofore pointed out, the appellant objects to the court's own instruction numbered 6, which has been set out herein. In its objection to the said instruction, the appellant says that the instruction is mandatory, and that it omits certain elements of proximate cause, and that it could not be cured by the other instructions given. We think the appellant is clearly in error, and that the instruction is not subject to the objections pointed out. The only mandatory part of the instruction was that the jury should find for the defendant (appellant) under certain conditions. The appellant certainly could not complain of that part of the instruction. We do not view the instruction as harmful to the appellant, and in this connection it is to be noted that the court gave to the jury its instruction numbered 5, which is as follows:

"The court has not attempted to embody all of the law in any one of these instructions. Therefore, in construing any single instruction, you should consider it with all the other instructions given to you in this cause by the court, and construe them in harmony with each other."

Instruction numbered 5 states the general rule as to nonmandatory instructions. See *Pennsylvania R. Co.* v. *Boyd* (1934), 98 Ind. App. 439, 185 N. E. 160; *Southern Ind. Gas & Electric Co.* v. *Storment* (1934), 206 Ind. 25, 188 N. E. 313; *Stinebaugh* v. *Lucid* (1937), 103 Ind. App. 690, 7 N. E. (2d) 69. It is to be noted also that said instruction numbered 6 very closely follows an instruction tendered by the appellant. It is therefore an invited instruction and the appellant would be in no position to complain even if it had been erroneous. We have considered each of the other errors assigned as to instructions, and we find no error in the giving of any of said instructions. Those instructions, which the appellant tendered and the court refused to give, were, in so far as they are correct, substantially covered by the other instructions given in the case, and therefore, there was no error in the refusal to give them. Where instructions tendered and refused are substantially covered by the instructions given in the case, there is then no error in the refusal to give them. This principle of law is elementary and does not need citations of authorities. The case was tried in the court below upon the theory of *res ipsa loquitur*, and the appellant itself tendered an instruction on such theory.

In the said instruction numbered 2, tendered by the appellant and correctly refused by the court, it starts out with the statement, "I instruct you that the plaintiff in this case cannot recover merely upon the showing of illness resulting from drinking

Coca Cola." That theory or contention was not presented to the trial court by the issues or the evidence, and the instruction was therefore correctly refused as not applicable.

As we view the case, every tenable theory of defense offered by the appellant was given wide latitude by the trial court, both in the evidence admitted and in the rulings on the instructions; and upon the record as a whole, we have concluded that the correct result was reached in this case, and that is an additional reason for an affirmance.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 37 N. E. (2d) 702.